NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1221

ROBERT JACOBSEN,

Plaintiff-Appellant,

v.

MATTHEW KATZER
and KAMIND ASSOCIATES, INC. (doing business as KAM Industries),

Defendants-Appellees.

Appeal from the United States District Court for the Northern District of California in case no. 06-CV-1905, Judge Jeffrey S. White.

Before LINN, Circuit Judge.

## O R D E R

Matthew Katzer and Kamind Associates, Inc. (Katzer) move to transfer this appeal to the United States Court of Appeals for the Ninth Circuit. Robert Jacobsen opposes. Katzer replies.

Jacobsen's complaint alleges, inter alia, copyright infringement and seeks a declaratory judgment that a patent issued to Katzer is not infringed by Jacobsen and is invalid. Jacobsen moved the district court for a preliminary injunction against Katzer regarding his copyright claim. Katzer moved the district court to dismiss Jacobsen's patent claims as moot on the basis that Katzer filed a Disclaimer in Patent under 37 C.F.R. § 1.321(a) with the Patent and Trademark Office, disclaiming all of the patent claims disputed in Jacobsen's complaint. On January 5, 2009, the district court issued an order, inter alia, denying Jacobsen's motion for a preliminary injunction and granting

Katzer's motion to dismiss the patent claims "without leave to amend." Jacobsen timely filed a notice of appeal challenging the district court's denial of a preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1). Because the district court has not issued a final judgment, no appeal has been filed regarding the dismissal of the patent claims.

Katzer argues that we lack jurisdiction to hear Jacobsen's appeal of the injunction because the case does not arise under the patent laws. Katzer asserts that the dismissal of Jacobsen's patent claims amended the complaint and that the suit that no longer contains claims arising under the patent laws. We disagree. Where, as here, the patent claims in the complaint were dismissed prior to the non-patent ruling on appeal, the dispositive question is whether the dismissal was with or without prejudice. Nilssen v. Motorola, Inc., 203 F.3d 782, 785 (Fed. Cir. 2000). Under Nilssen, we have jurisdiction over an appeal involving a complaint that arose under the patent laws unless a dismissal of the patent claims was without prejudice and thereby effectively amended the complaint. In other words, if a dismissal of the patent claims was not without prejudice and the parties are not left in the same legal position as if the patent claims had never been filed, then this court has jurisdiction over the appeal because the complaint contained claims arising under the patent laws. Id. See also Zenith Elecs. Corp. v. Exzec, Inc., 182 F.3d 1340, 1346 (Fed. Cir. 1999) (dismissal of patent claims with prejudice does not amend the complaint or make the case one not arising under the patent laws).

Here, the district court not dismiss the patent claims without prejudice and did not leave the parties in the same legal position as if the patent claims had not been filed. Instead, it decided the claims. We therefore deny Katzer's motion to transfer.

Accordingly,

IT IS ORDERED THAT:

(1)   The motion to transfer the appeal is denied.

(2)   Jacobsen's brief is due within 40 days from the date of filing of this order.

FOR THE COURT

APR 2 0 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 2 0 2009

JAN HORBALY
CLERK

cc:   R. Scott Jerger, Esq.
      Victoria K. Hall, Esq.

s19